UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

| | |
|---|---|
| THE LAW OFFICES OF JASON A. SETCHEN P.A., <br><br> Petitioner/Movant, <br><br> v. <br><br> ADIDAS AMERICA, INC., <br><br> Respondent. | Related Case: *Brian Bowen, II v. Adidas America, Inc., et al.*, Case No. 3:18-cv-3118JFA (D.S.C.) <br><br> **HEARING REQUESTED** |

**THE LAW OFFICES OF JASON A. SETCHEN, P.A.'S MOTION TO QUASH OR MODIFY DEPOSITION SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26(c)(1) and 45(d)(3), The Law Offices of Jason A. Setchen, P.A.[1] moves to quash or modify the Subpoena to Testify at a Deposition in a Civil Action served by Adidas America, Inc. ("Adidas") in the action styled *Brian Bowen, II v. Adidas America, Inc., et al.*, Case No. 3:18-cv-3118JFA pending in the United States District Court for the District of South Carolina (the "South Carolina Litigation"), and also moves for a protective order, and in support states as follows.

**INTRODUCTION**

In its latest defense tactic in the South Carolina Litigation brought by Brian Bowen II, Defendant Adidas has served Bowen's personal attorney, Setchen, with both a subpoena for documents and a subpoena for deposition. After conferral on the areas of inquiry noticed for Setchen's Rule 30(b)(6) deposition, it has become clear that Adidas's primary purpose for taking the deposition

---

[1] This motion will interchangeably refer to Jason A. Setchen, P.A. and its principal, Jason Setchen, Esq., as "Setchen."

is to invade Setchen's attorney work-product in representing his client.

In particular, Adidas seeks to force Setchen to testify to the "steps and processes" that Setchen took on his client's behalf to investigate certain payments that Adidas itself made to Bowen's father in violation of NCAA rules, rendering Bowen ineligible to play top-tier college basketball and significantly damaging his future career. An attorney's investigation on behalf of his client is quintessential work product, and revelation of Setchen's investigative steps and processes would reveal Setchen's mental impressions about what he thought was and was not relevant to the investigation.

Furthermore, Adidas has no legitimate need for this testimony. Setchen has already produced troves of documents that demonstrate that Bowen had no knowledge of the payments Adidas improperly made to his father. This includes the same documents that Setchen produced to federal prosecutors, who then reached the obvious conclusion that Bowen is innocent. Adidas simply wants to harass the personal attorney of a plaintiff that dared to sue it. That is improper and a protective order or an order quashing the subpoena should be entered.

Separately, a protective order should be entered to prevent Adidas from engaging in a tactic of deposing Setchen once as a Rule 30(b)(6) representative of his law firm and later issuing a subpoena for a subsequent deposition in Setchen's individual capacity. One deposition for a nonparty is burdensome enough.

## BACKGROUND

In November 2018, Bowen, once one of the most sought-after college basketball recruits in the country, brought the South Carolina Litigation against Adidas and others. *See Brian Bowen, II v. Adidas America, Inc., et al.*, Case No. 3:18-cv-3118JFA (D.S.C.) (ECF No. 1). Bowen's claims arise out of a now highly-publicized bribery conspiracy by Adidas, its executives, college coaches, and others to steer talented high-school basketball players to Adidas-sponsored universities and the Adidas brand. As alleged in Bowen's operative complaint, Adidas and its co-defendants derailed his promising

basketball career when they engaged in a conspiracy to bribe Bowen's father to persuade Bowen to play basketball for the University of Louisville, an Adidas-sponsored university. *Id.* (ECF No. 84). The bribe violated NCAA rules, rendering Bowen ineligible to play top-tier college basketball and thus having a significantly detrimental impact on his future career. *Id.*

Setchen is an attorney based in Miami-Dade whose practice in part focuses on representing athletes, often in the context of representing student athletes in disciplinary or administrative proceedings with their school, conference, or the NCAA. After becoming ineligible pursuant to NCAA bylaws and regulations, Bowen retained Setchen in the fall of 2017 in an effort to gain reinstatement. Bowen remains Setchen's client today. However, Setchen is Bowen's personal attorney and is not counsel of record in the South Carolina Litigation.

On February 2, 2021, more than two years into South Carolina Litigation, Adidas served Setchen with a subpoena to produce documents as well as a Rule 30(b)(6) deposition subpoena. *See* Ex. A, Subpoena for Documents; Ex. B, Subpoena for Deposition. The subpoenas require compliance in this district. *Id.* After Setchen retained the undersigned counsel, Adidas's counsel and Setchen's counsel conferred on both the document requests and the areas of inquiry for deposition. Since then, Setchen significantly narrowed his objections and expended dozens of unpaid hours searching for and compiling documents responsive to the subpoena. In total, he has produced more than 600 pages of documents, including more than 300 pages of communications with, and materials provided to, federal prosecutors, who determined Bowen was innocent of wrongdoing.

As to the areas of inquiry for the Rule 30(b)(6) deposition (which the parties mutually agreed to reschedule for April 9, 2021), Adidas included the following topic: "Steps taken on behalf of Bowen Jr. to investigate payments received by his father relating to Bowen Jr.'s a) Participation on amateur basketball teams, or; b) College recruiting process." *See* Ex. B. While Setchen largely agreed to testify

on the seven other noticed topics,[2] this eighth topic is quintessential attorney work product. While Adidas's counsel has recently agreed to not question Setchen about the "substance of his attorney-client communications in the context of his investigation into the relevant payments," Adidas still intends to question Setchen "about the literal steps and processes that he and others took on Bowen Jr.'s behalf to investigate those payments." Ex. C, Email from M. Forbes to J. Kahn (Apr. 5, 2021). That information is equally privileged and not subject to disclosure.

## ARGUMENT

### A. The deposition subpoena "must" be quashed because it requires disclosure of privileged or other protected matter and protective order should be entered.

Under Rule 45(d)(3)(A)(iii), "the court for the district where compliance is required **must** quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." (emphasis added). Because the deposition subpoena requires disclosure of the steps and processes an attorney took to investigate a highly-sensitive matter on behalf of his client—clear protected work product—the deposition subpoena "must" be quashed or modified. Similarly, a protective order is appropriate under Rule 26(c), which authorizes the Court to "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

An attorney's investigation on behalf of his client—including determinations of which documents to review, which witnesses to speak with, what questions to ask witnesses, and which leads to follow up on—is protected by the work-product doctrine. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) ("Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy

---

[2] This is subject to objections that may arise during questioning. For example, Setchen has made clear that communications with Carrie Malecke are confidential attorney-client communications, which he will not disclose.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

without undue and needless interference."); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) ("We believe Burns' selective review of AMC's numerous documents was based upon her professional judgment of the issues and defenses involved in this case. This mental selective process reflects Burns' legal theories and thought processes, which are protected as work product."); *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("We believe that the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product. . . . '[T]he process of selection and distillation is often more critical than pure legal research."); *Phoenix Nat. Corp. v. Bowater United Kingdom Paper Ltd.*, 98 F.R.D. 669, 671 (N.D. Ga. 1983) ("Insofar as defendant's question attempted to elicit from the witness specific questions that plaintiff's counsel posed to him, or even the area of the case to which he directed the majority of his questions, it exceeds the permissible bounds of discovery and begins to infringe on plaintiff's counsel's evaluation of the case." (citation omitted)).

The "dual purposes" that the work-product doctrine are designed to serve are "(1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2010). Adidas's proposed area of inquiry for deposition is calculated to flout both these purposes. The subpoena should be quashed or modified and a protective order should be entered.

**B. Adidas should be barred from further depositions of Setchen.**

As a separate issue, Adidas has noticed Setchen's deposition as Rule 30(b)(6) deposition of Setchen's law firm. And Adidas has refused to confirm that it will not subsequently subpoena Setchen for *another* deposition in his individual capacity. Setchen has already spent dozens of unpaid hours complying with Adidas's broad document requests. He also requested that the current deposition be limited to four hours as he has a law practice to operate. Adidas has not agreed. Given Adidas's

apparent insistence on a full seven-hour deposition and the amount of unpaid time that Setchen—a nonparty—has already spent acceding the Adidas's demands, this Rule 30(b)(6) deposition should be the end of Adidas's burdening of Setchen. If Adidas has questions for Setchen in his individual capacity, they should be asked at the Rule 30(b)(6) deposition. The Court should enter a protective order making clear that there will be only one deposition of Setchen.

### C. Adidas should pay Setchen's fees and expenses for this motion.

If a motion for a protective order is granted, courts generally must "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed R. Civ. P. 26(c)(3) (stating "Rule 37(a)(5) applies to the award of expenses" for motions for protective orders). Upon an appropriate order, Setchen will provide records of his respective fees and expenses caused by Adidas's unnecessary refusal to respect the work-product doctrine.

## CONCLUSION

For the foregoing reasons, the Court should quash or modify the subpoena and enter a protective order prohibiting Adidas from questioning Setchen regarding steps he took on behalf of his client to investigate the payments made by Adidas and prohibiting a second deposition of Setchen. Setchen further seeks an award of his reasonable attorneys' fees and costs in prosecuting this motion.

## REQUEST FOR HEARING

Setchen believes that oral argument would assist the Court in adjudicating the issues raised in this motion and respectfully requests that the Court set a hearing on this motion.

## CERTIFICATE OF CONFERRAL

I certify that I conferred with counsel for Adidas regarding the relief requested in this motion in a good-faith effort to avoid judicial intervention, but the parties were unable to reach an agreement.

Dated: April 5, 2021

Respectfully submitted,

**Jeremy L. Kahn**
Scott B. Cosgrove
  Florida Bar No. 161365
Jeremy L. Kahn
  Florida Bar No. 105277
LEÓN COSGROVE, LLP
255 Alhambra Circle – 8th Floor
Miami, Florida 33134
Telephone: 305.740.1975
Facsimile: 305.437.8158
Email: scosgrove@leoncosgrove.com
Email: jkahn@leoncosgrove.com

*Attorneys for the Law Offices of Jason A. Setchen, P.A.*

**CERTIFICATE OF SERVICE**

I certify that on April 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn will serve a copy by Notice of Electronic Filing to all counsel of record, unless otherwise noted below.

(By Email & U.S. Mail)

Mathew T. Richardson, Esq.
Mary Lucille ("Lucy") Dinkins, Esq.
WYCHE
807 Gervais Street, Suite 301
Columbia, South Carolina 29201
Tel: (803) 254-6542
Email: mrichardson@wyche.com
Email: ldinkins@wyche.com

*Counsel for adidas America Inc.*

(By Email & U.S. Mail)

Andrew J. Ceresney, Esq.
William H. Taft, V, Esq.
Nathan S. Richards, Esq.
Matthew D. Forbes, Esq.
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Email: aceresney@debevoise.com
Email: whtaft@debevoise.com
Email: nrichards@debevoise.com
Email: mforbes@debevoise.com

*Counsel for adidas America Inc.*

    **Jeremy L. Kahn**
    Jeremy L. Kahn

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM