# EXHIBIT A

# SUBPOENA TO PRODUCE DOCUMENTS

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| Brian Bowen, II | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:18-cv-3118-JFA |
| adidas America, Inc., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Law Offices of Jason A. Setchen, P.A

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: The Law Offices of Jason A. Setchen, P.A. 2601 Bayshore Dr., Ste. 750  Miami, Florida 33133 See Attachment A for instructions | Date and Time: 02/18/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/26/2021

CLERK OF COURT    OR    *[signature]*

_____        _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* adidas America, Inc. , who issues or requests this subpoena, are:

Matthew T. Richardson, Esq., Wyche, P.A. 807 Gervais St., Ste. 301, Columbia, SC 29201 mrichardson@wyche.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-cv-3118-JFA

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS ISSUED TO THE LAW OFFICES OF JASON A. SETCHEN, P.A.

Defendant adidas America, Inc. ("adidas"), by its undersigned attorneys, hereby subpoenas the Law Offices of Jason A. Setchen, P.A. to produce the documents, electronically stored information ("ESI"), and things requested herein for examination, inspection, and copying, pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and all applicable local rules, by delivering such electronically by secure File Transfer Protocol ("FTP"), or a mutually agreeable alternative, to Matthew Richardson, Esq. (mrichardson@wyche.com) by the date and time listed on the subpoena.

### DEFINITIONS AND INSTRUCTIONS

1. Except as otherwise specified, these definitions and instructions incorporate by reference the definitions and instructions set forth in Rules 26, 34, and 45 of the Federal Rules of Civil Procedure.

2. **Agreement.** The term "agreement" means any written or oral contract, understanding, promise, agreement or agreement in principle, all exhibits or other documents ancillary thereto or referred to therein, all documents that memorialize or express the terms of any such agreement, and all drafts of and amendments to the foregoing documents.

3. **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. **Bowen Jr.** The term "Bowen Jr." refers to Plaintiff Brian Bowen Jr. in this matter, *Bowen v. adidas America, Inc.* (3:18-CV-03118-JFA) ("*Bowen v. adidas America, Inc.*").

6. **Bowen Sr.** The term "Bowen Sr." refers to Bowen Jr.'s father, Crossdefendant Brian Bowen, Sr. in this matter, *Bowen v. adidas America, Inc.*

7. **Codefendant.** The term "Codefendant" refers to one of the following defendants in this matter: Merl Code, Thomas Gassnola, James Gatto, Christopher Rivers, Munish Sood, Christian Dawkins.

8. **College.** The term "college" refers to any institution providing post-secondary school education.

9. **Communication.** The term "communication" means every contact of any nature, whether oral or written, from one person to another, whether in form of facts, ideas, observations, inquiries, or otherwise, and any evidence of such contact, including without limitation, any correspondence, memoranda, notes, diaries, daily calendars, electronic mail messages, voicemail messages, "instant messages," social media content (Facebook, Instagram, Snapchat, Twitter, TikTok, WhatsApp or other instant messaging platforms, including posts, comments or direct messages), computer files, electronic or magnetic media, or other documents concerning such contacts.

10. **Complaint.** The term "Complaint" means the Amended Complaint filed by Bowen Jr. in *Bowen v. adidas America, Inc.* on or about August 23, 2019. (ECF. No. 84)

11. **Crossclaims.** The term "Crossclaims" means the Crossclaims filed by adidas in *Bowen v. adidas America, Inc.* on or about April 16, 2020. (ECF. No 116)

12. **Concerning.** The term "concerning" means relating to, referring to, describing, mentioning, pertaining to, connected with, created in connection with or as a result of, commenting on, embodying, evaluating, analyzing, or evidencing or constituting, whether in whole or in part, a stated subject matter.

13. **Document.** The term "document" is defined in the broadest possible sense and includes, without limitation, any and all writings, personal notes, electronic mail or e-mail, texts, social media content (Facebook, Instagram, Snapchat, Twitter, TikTok, WhatsApp or other instant messaging platforms, including posts, comments or direct messages), materials hosted on cloud-based software such as iCloud or other internet based storage platforms, photos, videos, screenshots, files, voicemails, voice recordings, notes, contacts, facsimiles, studies, calendars, day-timers, diaries, appointment books, agendas, minutes, notes, instructions, demands, schedules, data, notices, drafts, pamphlets, envelopes, bulletins, graphs, maps, charts, sketches, diagrams, drawings, plans, specifications, blueprints, forms, manuals, contracts, agreements, appraisals, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries, records or minutes of meetings or conferences, lists, publications, journals, ledgers, memoranda, notepads, notebooks,

postcards, "post-it" notes, tabulations, analyses, evaluations, opinions or reports of consultants or experts, projections, work papers, summaries, reports, surveys, studies, logs, message slips, billing records, invoices, purchase orders, checks (front and back), confirmations, correspondence, letters, brochures, advertising, packaging or promotional materials, financial or statistical statements or compilations, balance sheets, accounting entries, tax returns, loan documents, publications, articles, books, speeches, transcripts, films, computer programs, printouts, computer disks or diskettes, hard drives, USB drives, software, cell phone backups and all recordings made through data processing and/or computer techniques, and the written information necessary to understand and use such materials, and all other written or graphic material of any nature whatsoever, in Your possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term. A document includes all attachments, whether by staple, clip, rubber band, or binding, and all appended or embedded links or files.

14. **Relating.** The term "relating" means concerning, referring to, describing, mentioning, pertaining to, connected with, created in connection with or as a result of, commenting on, embodying, evaluating, analyzing, evidencing, or constituting, whether in whole or in part, a stated subject matter.

15. **Representative.** The term "Representative" means any person acting on behalf of a person, organization, or association whether that person has actual, implied or apparent authority to act on that organization's or person's behalf. The term may include,

but is not limited to, coaches, staff, administrators, teachers, faculty, and recruiters affiliated with high schools, AAU teams, colleges, and universities.

16. **Subject Matter of this Litigation.** The term the "Subject Matter of this Litigation" means any of the allegations, claims, or defenses made or described in any pleading in *Bowen v. adidas America, Inc.* including any statements or factual occurrences made or described in the Complaint or Crossclaims, any of the agreements or other documents referred to in the Complaint or Crossclaims, and any negotiations concerning any of the agreements referred to in the Complaint or Crossclaims.

17. **Tense.** The present tense includes the past and future tenses.

18. **You.** The term "You" refers to the Law Offices of Jason A. Setchen, P.A.

19. If any portion of a document is considered responsive to any request, the request shall be construed as requesting production of the entire document.

20. Except for these instructions and when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purpose of limitation.

21. Any and all examples or descriptions of documents herein are illustrative only and do not limit the request to those particular documents or types of documents, as if it were explicitly noted that such request was "not limited to" the stated examples.

22. Questions regarding the interpretation of these document requests should be resolved in favor of the broadest possible construction.

23. Responsive documents are to be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the

enumerated requests in this demand. In the event You produce copies of the responsive documents, You are requested to retain the originals of all such documents for inspection. All attachments and appended or embedded links or files shall be produced if any one of them is responsive to any of these document requests. If with respect to any request there are no responsive documents, please so state in writing.

24. All electronically stored information that You ordinarily maintain in digital or electronic form, other than e-mail, is to be produced in the form in which it ordinarily is maintained, with the exception of e-mail as set forth below. All such electronically stored information shall include any and all associated metadata and any and all associated files, including but not limited to, attachments or hyperlinked files.

25. All e-mails, text messages, instant messages, direct messages, or other messages, Microsoft Word or other word processing documents, and non-electronically stored information (paper documents) shall be produced as single-page TIFF images with load files. All other electronically stored information shall be produced in its native format, including but not limited to, all Excel or other spreadsheet files and all PowerPoint or other presentation files. All Documents shall include, as applicable, the following metadata fields: PRODBEG, PRODEND, BEGATTACH, ENDATTACH, CUSTODIAN, NUMPAGES, DOCTYPE, FOLDERPATH, FROM, TO, CC, BCC, SUBJECT, DATESENT, TIMESENT, DATERECEIVED, TIMERECEIVED, TIMEZONE, INTERNETMSGID, MESSAGEID, DATECREATED, TIMECREATED, LASTMODIFIED, AUTHOR, FILESIZE, FILENAME, APPLICATION, FILEEXT, FILEPATH, NATIVELINK, TEXTLINK, and HASHVALUE. An e-mail and its

attachments shall be produced as separate records. The attachment(s) should immediately follow the parent email. The parent/child relationship between email and attachment(s) is to be maintained by properly providing the BEGATTACH and ENDATTACH metadata. Any attachments to an e-mail shall be produced in native format, and shall include all associated metadata. Images should be provided in 1-Bit B&W Group IV Single Page Tiffs (300 DPI), and color images in single page .JPG format when color is necessary. Extracted text should be provided on a document level. A rendering of the email shall be provided in static format that corresponds to the text format of the original e-mail (i.e., plain text e-mails rendered as .txt files, rich text e-mails rendered as .rtf files and .html e-mails rendered as .html files). Any encryption or password protected files should have the protection removed prior to being produced.

26. If any document or part of a document responsive to this request is withheld under a claim of privilege, work-product immunity or other claimed privilege or protection from discovery, You shall furnish a privilege log of the responsive documents in a form to be agreed among the parties.

27. If part of an otherwise responsive document contains information that is subject to a claim of privilege, those parts of the document subject to the claim of privilege shall be deleted or redacted from the document, the deleted or redacted parts shall be clearly marked as such, and the rest of the document shall be produced.

28. In responding to this document request, You shall furnish all documents within Your custody or control, wherever located, including documents in the possession of attorneys, Representatives, agents or other persons acting on Your behalf. If You

cannot respond to this document request in full after exercising due diligence to secure the documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

29. If any of these requests is objected to, You shall serve a response in accordance with the Rules of Civil Procedure, stating with particularity the reasons for the objection, and shall produce the requested documents to the extent that the request is not objectionable.

30. If You contend that a particular request, or a definition or an instruction applicable thereto, is ambiguous, You are requested to set forth in its written response the allegedly ambiguous language and the interpretation of that language that it has adopted in responding to the request in question.

31. The document requests that follow are to be continuing, and pursuant to the Rules of Civil Procedure, You are requested to provide, by way of supplemental responses thereto, such additional documents as he or any persons acting on his behalf may hereafter obtain that will augment, clarify, or otherwise modify the response now given to these document requests. Such supplemental responses are to be served by Your counsel immediately after the additional documents are discovered, but in no event later than thirty (30) days after such discovery. In no event shall any supplemental response be served any later than the first day of trial.

32. When a time period is not specified in a request, the time period shall be from January 1, 2017 through present.

## REQUESTS FOR PRODUCTION

1. All documents concerning communications with individuals other than Bowen Jr. relating to:

    (a) Your engagement by Bowen Jr; and/or

    (b) Your expected and/or received compensation for Your engagement by Bowen Jr.

2. All invoices issued by your firm in connection with your representation of Brian Bowen Jr.

3. All documents and communications concerning the "physical evidence" cited in Bowen Jr.'s December 4, 2017 email sent to Dana Altman and You, attached as Exhibit A hereto, including copies of the documents or other materials constituting the "physical evidence" referred to therein.

4. All documents concerning communications with the University of Louisville relating to Bowen Jr.'s NCAA eligibility, and/or suspension from and potential reinstatement on the University of Louisville men's basketball team.

5. All documents concerning communications with the University of South Carolina relating to Bowen Jr.'s NCAA eligibility to play men's basketball.

6. All documents concerning communications with any college other than the University of Louisville or the University of South Carolina relating to the prospect of Bowen Jr. playing men's basketball at that college.

7. All documents concerning communications with the NCAA relating to Bowen Jr.'s eligibility to play men's basketball at the University of Louisville, the University of South Carolina, or any other college.

8. All documents concerning communications with Brandon Rosenthal and/or any other individual employed by Landmark Sports Agency LLC relating to Bowen Jr.

9. All documents concerning communications with any sports agent that Bowen Jr. considered hiring.

10. All documents and communications relating to Bowen Jr.'s enrollment in and subsequent withdrawal from the University of South Carolina.

11. All documents and communications relating to Bowen Jr.'s decision to declare for the 2018 NBA draft, and his subsequent withdrawal from the 2018 NBA draft.

12. All documents and communications between or among You and/or Bowen Jr. and federal prosecutors or law enforcement agents relating to the Subject Matter of this Litigation, including but not limited to:

   (a) all subpoenas, warrants, or other formal or informal requests for documents or information from the U.S. Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, or any other component of the U.S. Department of Justice related to the investigation of the subject matter of this litigation;

(b) copies of all documents or information produced by You in response to the above-referenced subpoenas, search warrants and formal and informal requests for documents or information; and/or

(c) all communications relating to any investigations conducted by the U.S. Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, or any other component of the U.S. Department of Justice with any third party related to the subject matter of this litigation.

**From:** "brian bowen" ▮
**Sent:** Mon, 4 Dec 2017 10:33:17 PM GMT
**To:** ▮ "Jason Setchen" <jason@jaslawfirm.com>
**Subject:** Fw: Transfer Letter
**Attachments:** Emailing Brian Bowen Letter.pdf

On Monday, December 4, 2017 5:13 PM, ▮ wrote:

Coach,

My name is Brian Bowen II. I am a basketball player seeking to transfer from the University of Louisville and am very interested in your basketball program.

I am currently enrolled as a full-time student at the University of Louisville (UL) but have not participated in any formal practices or played in any competition on behalf of UL. As you may know, my name has been mentioned in connection with the Adidas/UL scandal which has been the topic of a significant amount of media coverage. I assure you that I personally did not do anything wrong and did not intentionally or with any knowledge violate any laws or NCAA by-laws. I am a victim in all of this and want an opportunity to play college basketball. I believe that I can be an asset to your university and basketball program.

I have made myself available for questioning by the U.S. Attorney's Office and when they offered me immunity, I rejected it as I have nothing to hide. I was then released by the lead attorney and the FBI allowing me to request the commencement of eligibility proceedings with UL. Unfortunately, for their own reasons, UL has decided not to seek reinstatement on my behalf with the NCAA. My lawyer has been in contact with the NCAA and I have been fully cooperative. My attorney is very confident that if I were offered a scholarship to play basketball for your university, I would ultimately be deemed eligible to play soon. Unfortunately, since UL made the decision not to seek reinstatement on my behalf, I am unable to move forward with reinstatement. You should know that a member of the NCAA Enforcement Staff was present during my interview with UL and that they were furnished with evidence of the fact that I was not directly involved in or aware of the alleged schemes. I have overwhelming physical evidence which supports the fact that I did not participate in any of the alleged activities. I am fully prepared to furnish these materials to your compliance office if you are seriously willing to consider me for your team. I also encourage you or your Compliance AD to contact my attorney, Jason A. Setchen, Esq., ▮ and Ph. ▮ should you wish to discuss what transpired at UL and to learn more about Mr. Setchen's on-going discussions with the NCAA.

I hope that you will give me serious consideration or, if you are interested, please take the time to speak with Mr. Setchen so that you can get a better understanding of what occurred and why he believes that I will be reinstated should a scholarship be offered.
Brian "Tugs" Bowen II

Ph. ███████████
Email: ████████████████

BOWEN-003484